**CHON XIAO HU, Yue Zhen Ye, Petitioners,**

v.

**Alberto GONZALES, Respondent.**

**No. 06–4105–ag.**

United States Court of Appeals, Second Circuit.

July 9, 2007.

Sheldon Kronegold, Newark, NJ, for Petitioner.

Peter D. Keisler, Assistant Attorney General, David V. Bernal, Assistant Director, Stuart S. Nickum, Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD J. CARDAMONE, Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioners Chon Xiao Hu and Yue Zhen Ye, both natives and citizens of China, seek review of an August 3, 2006 decision of the BIA denying their fourth motion to reopen. *In Re Chon Xiao Hu*, Nos. A72 475 139/140 (B.I.A. Aug. 3, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). An abuse of discretion will be found "in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001).

■ The petitioners' brief to this Court challenges primarily the agency's denial of their asylum, withholding of deportation, and CAT claims. However, they did not file a timely petition for review of the BIA's denial of their merits appeal, and we thus are precluded from reaching those arguments. 8 U.S.C. § 1252(b)(1) (requiring that petitions for review must be filed not later than 30 days after the date of the final order of removal). The petition for review is timely only with respect to the denial of their fourth motion to reopen, which denied their request for adjudication of their application for adjustment of status. Thus, the only issue before this Court is whether the BIA abused its discretion in denying that motion as number-barred.

■ However, the petitioners' brief does not raise any arguments addressing that decision. Although the adjustment of status claim is mentioned in the brief, it addresses only whether Hu established *prima facie* eligibility for that relief. Even assuming that Hu is correct that the approved Labor Certification was *prima facie* evidence of his eligibility for adjustment of status, he has failed to raise any challenge to the reason given by the BIA for denying the motion, that petitioners exceeded the numerical limitation on motions to reopen. Thus, petitioners have waived any argument they might have proffered as to why they might have fit within one of the exceptions to the numerical limitation. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

The petitioners have also waived any arguments regarding the BIA's decision not to exercise its *sua sponte* powers to reopen their proceedings. *Id.* Even if they did raise a challenge to this decision, however, we would lack jurisdiction to review it. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006) (per curiam).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.